H. H. SAWYER, Plaintiff, v. WM. HUTCHINSON, Judge et al., Defendants.

**Intoxicating liquors:** CONTEMPT: EVIDENCE OF ILLEGAL SALE. In this contempt proceeding for violating an order restraining the illegal sale of liquor the evidence is held to show, without substantial conflict, that sales were made to minors in violation of the order.

**Same:** CONTEMPT: FILING OF EVIDENCE: DISMISSAL OF PROCEEDING. Although the court can not commit one for contempt until the evidence has been made of record as provided in Code, section 4466, still it should not dismiss the proceeding for the reason that the evidence was not then of record but should postpone action until the proper record was made.

THURSDAY, JUNE 16, 1910.

CERTIORARI proceeding in the nature of an appeal from an order of the defendant as district judge in dismissing certain contempt proceedings against one J. H. Jones. Order *annulled,* and case *remanded.*

*John F. Joseph,* for plaintiff.

*Geo. G. Yeaman,* for defendants.

EVANS, J.—One Jones was a saloon keeper in Sioux City. On September 23, 1907, a decree of injunction was entered against him. In November, 1909, the plaintiff herein filed an information against him for contempt,

in that he had violated such decree of injunction. Upon a trial had the proceedings were dismissed, and Jones was discharged. A number of specific violations were charged in the information against Jones, and evidence was offered in support thereof. One of such charges was that he had sold intoxicating liquors to minors, and had permitted them to be and remain in his saloon. It was shown by the testimony of four witnesses that on October 15, 1909, one Strevelsky, a boy nineteen years of age, purchased intoxicating liquor in Jones' saloon and in sufficient quantity to become intoxicated therefrom. It also appears that one Crane, another boy nineteen years of age, purchased intoxicating liquor there at the same time, and that both boys purchased it there at other times.

I. In support of the action of the trial court it is urged here that the testimony was conflicting, and that the finding of the trial court upon conflicting evidence as to the facts should not be disturbed here. This argument has no substantial basis in this record. The only evidence offered in defense was that of Cavanaugh, the bartender for Jones, who was alleged to have sold the liquor to the boys. His alleged denial of the testimony on behalf of the plaintiff is as follows: "I don't believe I sold the boys any liquor during 1909. . . . Well, the boys might have come in at some time when there was quite a bunch up at the bar, and pushed in, and I not noticed them; probably stand back, or something, and probably get a drink in that way. Yes, I know them well, two of the boys, and if I had seen them I would not have sold to them." Jones himself did not testify, although it appears by the undisputed testimony that he was present on October 15th when the liquor was sold to the boys. It can not fairly be said that the testimony above quoted presents any conflict of evidence worthy of consideration.

1. INTOXICATING LIQUORS: contempt: evidence of illegal sale.

II. It is further. urged ·in support of the action of the trial court that the case was decided on December 20, 1909, and that the trial court had no authority at

2. SAME: contempt: filing of evidence: dismissal of proceeding.

that time to order Jones committed for contempt, because the evidence in the case had not been made of record, and the same was not made of record until January 11, 1910. It is argued that, inasmuch as section 4466 of the Code requires that such evidence be made of record before a defendant be committed for contempt, therefore the trial court was bound to discharge the defendant. If this argument could be deemed sound, it would quite circumvent the statute, which imposes upon this court the duty to review such orders of the trial court by certiorari. Granting that the trial court could not commit for contempt until the evidence was made of record, it was its duty to make such evidence of record. It might postpone its action until such evidence was made of record. But it was not authorized to dismiss the proceedings on any such ground. We do not understand from the record that this was the ground upon which the order was made. It should be said that the defendant judge is not urging such point in his own behalf in defense of the proceedings here. As is usual and proper in this class of proceedings, the argument in defense is presented by the attorney of the defendant in the contempt proceedings, and he may properly urge any valid reason why the action· of the trial court should be sustained.

Our conclusion is that the trial court was not justified upon the record in dismissing the contempt proceedings, and its order in that respect is annulled and reversed, and the cause is remanded for further proceedings in harmony herewith.

*Reversed* and *remanded.*